IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARA COOPER and GEORGE COOPER,

                                 ORDER

        Petitioners,

                              08-cv-555-bbc

    v.

MISSOULA MAC, INC., MCDONALDS #3596
and MCDONALD'S CORPORATION,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioners Sara and George Cooper have filed a proposed complaint in which they contend that the negligence of respondents Missoula Mac, Inc., McDonalds #3596 and McDonalds's Corporation caused Sara to fall and injure herself in a public restroom in Portage County, Wisconsin. Petitioners seek leave to proceed in forma pauperis under 28 U.S.C. § 1915. From a review of their affidavits of indigency, I conclude that petitioners are unable to prepay the filing fee.

      In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief

1

against a defendant who is immune from such relief, the case must be dismissed promptly pursuant to 28 U.S.C. §1915(e)(2). Having reviewed petitioner's complaint, I conclude that it contains two problems related to this court's jurisdiction to hear petitioners' claims.

First, respondent George Cooper does not have standing to bring this case. As I explained to petitioners in another case they brought recently, Cooper v. Sankey, 08-cv-399-bbc, a party may sue for his own injuries only. Hinck v. United States, – U.S. – , 127 S. Ct. 2011, 2017 n.3 (2007). Petitioners allege that respondent Sara Cooper fell, not George Cooper. The complaint does not allege that George Cooper suffered any injuries, such as loss of wages because he took time off to care for his wife. In the absence of any such allegations, he may not remain a party.

Second, it appears that this court may not have subject matter jurisdiction to hear petitioners' claim. The only claim petitioners raise in their complaint is one for negligence under state law. In most circumstances, state law claims must be brought in state court. Under 28 U.S.C. § 1332 an exception exists when the plaintiffs and defendants are citizens of different states and the amount in controversy is greater than $75,000.

Petitioners allege that they are citizens of Wisconsin but they do not allege any facts regarding respondents' citizenship. Rather they allege only that each of the respondents do business in Wisconsin, which is different from citizenship. To the extent respondents mean to allege that even one of the respondents is a citizen of Wisconsin, the case must be

2

dismissed for lack of jurisdiction. McCready v. EBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006). However, because petitioners' allegations are not clear, I will give petitioner Sara Cooper a chance to amend to the complaint.

If petitioner chooses to amend her complaint, she should know that she may not satisfy the requirements of § 1332 simply by alleging that respondents are citizens of states other than Wisconsin. Rather, courts have adopted specific ways of determining the citizenship of business entities for the purpose of § 1332. For example, it appears that respondents McDonald's Corporation and Missoula Mac, Inc. are corporations. If that is the case, petitioner must allege the corporations' principal place of business and state of incorporation. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). For other types of organizations, there are different requirements for determining citizenship. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)(citizenship for limited liability companies, partnerships and unincorporated associations determined by citizenship of individual members).

It is not clear what type of business respondent McDonalds #3596 is or even whether it is a business entity at all. If that respondent is simply the name of the location where the accident occurred, it is not a proper party and petitioner should not name it in her amended complaint. In any event, it is petitioner's obligation to determine the citizenship of each of the respondents and include this information in any amended complaint that she files.

ORDER

IT IS ORDERED that

1. Petitioner George Cooper's claim is DISMISSED for his lack of standing to sue.

2. Petitioner Sara Cooper may have until October 20, 2008, to file an amended complaint that alleges facts revealing the citizenship of each of the respondents. If she fails to respond by that date, I will dismiss the case for lack of subject matter jurisdiction.

Entered this 3d day of October, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge